Battle, J.
 

 "We concur in the decision made by his Honor in the Court below. The only fair construction of which the seventh clause of the will (on which the question is raised) admits, is that each share became absolute in the child to whom it was allotted. The death, without legal issue, of either of the children to whom a share had been allotted is not provided l'or by the testator at all. The language of the will is that when a lot is drawn it shall become “ the property of the heir claiming such division, and the. balance of the negroes to remain in common as before, until another application, and then proceed as in the first case until all the lots are drawn, and the negroes thus drawn shall become absolutely the property of the heir drawing the same, and shall exclude the said heir from any further claim in this common stock of negroes, unless some one of the children or heirs should die without legal issue, in which case the surviving ones shall inherit equally.” The evident meaning of this is, that a child to whom a share was allotted should no longer have any interest whatever in the common stock, how great soever its increase might
 
 *22
 
 be, but should not be excluded from an equal division with the other children of the share of one of the owners of the
 
 common stock
 
 who should die without legal issue. That is the proper grammatical construction of the clause, and ought the more readily to be adopted, because it gives full force to, and is entirely consistent with, the expression that the “ ne-groes drawn shall become absolutely the property of the heir drawing the same.” If the provision of dying without lawful issue be held to extend to the child to whom a share had been allotted, then he or she would not have it absolutely, but only conditionally, contrary to the express words of the testator. But if the provision is confined to those only of the children to whom no separate shares had been allotted, but who still held their part of the negroes in common, no such inconsistency will exist, and full effect will be given to every part of that clause of the will. It is hardly necessary to say, that this construction cannot be affected by what the children may have done in dividing the share of Sarah upon her death without issue after it had been allotted to her. Our opinion, then, is, that the share of Flora vested in her, absolutely, upon its allotment to her, and became the property of the defendant by her intermarriage with him.
 

 Per Curiam, Judgment of nonsuit affirmed.